IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>PHILIP J. GREGORY,<br><br>　　　　　　　Defendant. | 8:18CR139<br><br>FINDINGS AND RECOMMENDATION |

　　　This matter is before the Court on Defendant's Motion to Suppress (Filing No. 17). Defendant requests that the Court suppress all evidence obtained through the search of his residence on or about August 4, 2016.

　　　An evidentiary hearing was held regarding the motion on September 25, 2018, at which time evidence was received and oral argument was heard. No witnesses testified at the hearing. A transcript has been filed and this matter is now ripe for disposition. For the reasons set forth below, the undersigned will recommend that the motion be denied.

**FACTUAL BACKGROUND**

　　　On May 10, 2016, the National Center for Missing and Exploited Children ("NCMEC") received a CyberTip report through their CyberTipline. (Filing No. 19-1; Ex. 101.) The automated tip originated from Google, Inc. ("Google") and alleged that a user had uploaded an image of child pornography to Google's photo sharing service, Google + Photos. (Filing No. 19-1; Ex. 101.) The image had been reviewed by Google's hash filtration system, as well as by manual human review by a Google employee. (Filing No. 24-1; Ex. 1.) The Google Terms of Service advises users that Google may review content to determine whether it is illegal or violates Google's policies. (Filing No. 24-2; Ex. 1.) The email address associated with the upload was ricktdrover@gmail.com and the IP address was reported as 98.161.49.254. (Filing No. 19-1; Ex. 101.)

On or about June 27, 2016, Investigator Dishaw ("Dishaw") received the CyberTip report. (Filing No. 19-1; Ex. 101.) Dishaw thereafter submitted a subpoena to Cox Communications ("Cox"), the service provider associated with the IP address. (Filing No. 19-2; Ex. 102.) On July 16, 2016, Cox responded to the subpoena, stating that the IP address belonged to Defendant. Cox also provided Defendant's address. (Filing No. 19-3; Ex 103.)

On August 3, 2016, Dishaw submitted an affidavit for a search warrant for Defendant's residence based on the information received through the CyberTip. (Filing No. 19-4; Ex. 104.) The warrant was issued, and on August 4, 2016, members of the Douglas County Sheriff's Office and the Federal Bureau of Investigation ("FBI") Child Exploitation Taskforce ("CEFT") executed the warrant. (Filing No. 19-5; Ex. 105.) The search resulted in the seizure of two desktop computers, four laptop computers, two tablets, two computer storage components, and a mobile phone. (Filing No. 19-5; Ex. 105.) The search of Defendant's electronic devices revealed 25,808 graphic files and 174 video files of child pornography. (Filing No. 24.)

## DISCUSSION

Defendant argues that the search of his residence violated his Fourth and Fourteenth Amendment rights because law enforcement obtained his residential address by way of an administrative subpoena to Cox, rather than through a warrant. The Eighth Circuit has held that individuals do not have a reasonable expectation of privacy in subscriber information, such as addresses, individuals give to their internet service providers. *United States v. Wheelock*, 772 F.3d 825 (8th Cir. 2014). *See also United States v. Perrine*, 518 F.3d 1196-1204-05 (10th Cir. 2008) ("Every federal court to address this issue has held that subscriber information provided to an internet provider is not protected by the Fourth Amendment's privacy expectation"). "It is well-settled that the Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by him to Government authorities." *United States v. McIntyre*, 646 F.3d 1107, 111 (8th Cir. 2011). Defendant contends, however, that the United States Supreme Court's recent decision in *Carpenter v. United States*, 138 S. Ct. 2206 (2018) mandates that law enforcement must obtain a warrant before obtaining such information. Defendant argues that a warrant is necessary because the information provided the location of Defendant through his

2

address, and that individuals have an expectation of privacy in their own residences. (TR. 17-18.) Defendant maintains that a permanent residence location is much more private than someone's individual movements on public properties, roads, highways or sidewalks. (TR. 18.)

In *Carpenter*, the Supreme Court held that the government's collection of cell-site location information, which allows law enforcement to chronical a person's past movements over an extended period of time, constituted a search under the Fourth Amendment. *Id*. at 2216. The Court stated that "an individual maintains a legitimate expectation of privacy in the record of his physical movements as captured through [cell service location information]" and, thus, law enforcement must obtain a warrant before getting such information. *Id*. at 2217.

The undersigned concludes that Defendant's reliance on *Carpenter* is misplaced.[1] The *Carpenter* decision focused on the comprehensive and detailed information provided by wireless carrier cell-site records as to an individual's location history. It did not address whether an internet service provider, such as Cox, could supply a subscriber's address in response to an administrative subpoena or whether an individual maintains an expectation of privacy when using the internet from his or her own residence. In *Carpenter*, the Supreme Court made clear that its ruling was narrow and did not "address other business records that might incidentally reveal location information." *Id*. at 2220. Here, the only information Cox provided in response to the subpoena was Defendant's subscriber information, which included his name, address and telephone numbers. The response also included his payment history and the types of services he has with Cox. A residential address, particularly one that has previously been provided to a third-party, does not reveal information about an individual's habits or movements. Thus, the undersigned finds that Defendant's constitutional rights were not violated by law enforcement's use of an administrative subpoena to obtain his address.

---

[1] The Court also notes that the officers obtained the administrative subpoena and warrant in this case well in advance of the *Carpenter* ruling. Therefore, if one were to find a warrant was required, the officers acted with objective good faith reliance on the statutes and laws at the time. Thus, *Leon* would apply and the evidence would not be excluded.

Defendant further argues that his rights were violated because the information in the CyberTip received from Google was reviewed without a search warrant. (TR. 18-20.) This argument is unpersuasive. It is well-established that "[t]he Constitution does not apply to searches, reasonable or otherwise, by private individuals, so long as the private party is not acting as an agent of the Government or with the participation or knowledge of any government official." *United States v. Miller*, 152 F.3d 813, 815 (8th Cir. 1998) (quotation omitted). To constitute a Fourth Amendment search, "a governmental intrusion must infringe on a legitimate expectation of privacy." *Id*. "Because a private search frustrates such an expectation, an ensuing police intrusion that stays within the limits of the private search is not a search for Fourth Amendment purposes." *Id*. (quotation omitted). Therefore, "in a private search case, the legality of later governmental intrusions must be tested by the degree to which they exceeded the scope of the private search." *Id*.

Defendant seemingly recognizes that when the government conducts a search by repeating an investigation conducted by a private party, that search is excluded from the protections of the Fourth Amendment. (Filing No. 18 at CM/ECF pp. 9-10.) However, Defendant argues that the protections of the "private search" doctrine do not apply because the NCMEC acted as a government entity when it reviewed the information supplied by Google. Although the Tenth Circuit Court of Appeals has ruled that the NCMEC is a government entity, this precedent is not binding upon this Court. *See United States v. Ackerman*, 831 F.3d 1292, 1306-07 (10th Cir. 2016). Moreover, NCMEC's status (or non-status) as a governmental actor is not dispositive here as the NCMEC did not exceed the scope of the private search previously performed by Google.[2]

It is undisputed that Google reviewed the file before the CyberTip was submitted to the NCMEC. It did so through its hash filtration system, as well as by manual human review. (Ex. 1) After Google conducted its private search, any later search by NCMEC, NSP, or the Douglas

---

[2] Defendant did not raise this issue of whether Google is a government actor. However, the Eighth Circuit has previously held that an internet service provider is not a government agent for Fourth Amendment purposes. *See United States v. Stevenson*, 727 F.3d 826, 831 (8th Cir. 2013) ("AOL's decision on its own initiative to ferret out child pornography does not convert the company into an agent or instrument of the government for Fourth Amendment purposes"). Moreover, Defendant was advised by Google through its Terms of Service that his content may be subject to review.

County Sheriff's Office, which did not exceed the scope of the private search, does not implicate the Fourth Amendment. The evidence shows that no subsequent warrantless governmental search exceeded the scope of Google's private search. The file at issue consisted of a single upload without any other content. This uploaded file, which was the basis for the CyberTip, was the only file reviewed by Google and the only file reviewed by the NCMEC and law enforcement without a warrant. Therefore, the evidence was not obtained in violation of the Fourth Amendment.

Defendant also argues that the search warrant affidavit did not establish sufficient probable cause for issuance of the warrant.[3] At the evidentiary hearing, Defendant also contended that because the images at issue were on a cloud service, there was no reasonable expectation that evidence of a crime or contraband would be found at his residence. (TR. 20.) Probable cause to search exists "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States*, 517 U.S. 690, 696 (1996). Probable cause determinations are based on the totality of the circumstances, and "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

The affidavit stated that Dishaw had received a report from the NCMEC related to a child pornography investigation. The affidavit explained that Google reported that one of its users had uploaded an image of child pornography and that the email address associated with the account was rickydrover@gmail.com. The affidavit stated that login history to the account between October 13, 2015 and May 8, 2016 showed a consistent IP address which matched the registration IP address when the account was created. It further stated that Cox reported that the IP address was leased to Defendant, and Cox provided Defendant's residential address. The affidavit also detailed Dishaw's experience in investigating cases of possible child pornography. Dishaw averred that, in his experience, he has found that online storage of child pornography is often found

---

[3] Defendant also argues that when the information from Cox is removed, the warrant does not establish probable cause. The Court has found that the information from Cox was not illegally obtained, therefore the Court will look at the affidavit with this information included.

on a user's computer and that hard drives used in home computers can store hundreds of thousands of images. Filing No. 19-4; Ex. 104.) The undersigned concludes that the search warrant articulated a fair probability that contraband would be found in Defendant's residence.[4] Further, the affidavit established sufficient probable cause for the issuance of the warrant.

Moreover, even if probable cause was lacking, the good faith exception to the exclusionary rule would apply. Evidence obtained in violation of the Fourth Amendment is ordinarily subject to exclusion, and cannot be used in a criminal proceeding. United States v. Cannon, 703 F.3d 407, 412 (8th Cir. 2013). However, an exception to the exclusionary rule occurs "when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." United States v. Leon, 468 U.S. 897, 920-21 (1984). There are four circumstances that preclude a finding of good faith:

> (1) when the affidavit or testimony supporting the warrant contained a false statement made knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge; (2) when the issuing judge wholly abandoned his judicial role in issuing the warrant; (3) when the affidavit in support of the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) when the warrant is so facially deficient that no police officer could reasonably resume the warrant to be valid.

United States v. Fiorito, 640 F.3d 338, 345 (8th Cir. 2011) (quotation omitted). There is no indication that any of these circumstances exist in this case. Therefore, the good faith exception is applicable, if probable cause was lacking.

Accordingly,

**IT IS HEREBY RECOMMENDED** to United States District Court Judge Robert Rossiter, Jr. that Defendant's Motion to Suppress (Filing No. 17) be denied.

Dated this 29th day of October, 2018.

---

[4] The search of Defendant's electronic devices that were taken from his home yielded 25,808 graphic files and 174 video files of child pornography.

6

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

## ADMONITION

      Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.