IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:18CR139 |
| v. | |
| PHILIP J. GREGORY, | MEMORANDUM & ORDER |
| Defendant. | |

This matter is before the Court on the Findings and Recommendation (Filing No. 30) of the magistrate judge[1] recommending the Court deny defendant Philip J. Gregory's ("Gregory") Motion to Suppress (Filing No. 17). Gregory objects (Filing No. 31) to the findings and recommendation. For the reasons stated below, Gregory's objections are overruled and the Motion to Suppress is denied.

**I.    BACKGROUND**

The relevant facts of this case are not in dispute. On August 4, 2016, members of the Douglas County Sheriff's Office and Federal Bureau of Investigation Child Exploitation Taskforce executed a search warrant on Gregory's residence and seized numerous electronic devices. The search of Gregory's devices yielded 25,808 graphic files and 174 video files of child pornography. On May 22, 2018, a federal grand jury indicted Gregory for allegedly transporting, receiving, and possessing child pornography, in violation of 18 U.S.C. § 2252.

The trail of digital breadcrumbs leading to Gregory's residence began when the National Center for Missing and Exploited Children ("NCMEC") received a CyberTip report ("tip") from Google, Inc. ("Google") on May 10, 2016 on its CyberTipline. Google

---

[1]The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

sent the tip after a user uploaded an image of child pornography to its photo sharing service, Google+™. The tip contained the image file and the email address and internet protocol ("IP") address associated with the upload. Google reviewed and identified the image as child pornography through its hash filtration system[2] and manual human review. Google's Terms of Service advises users that Google may review content to determine whether it is illegal or violative of Google's polices.

NCMEC sent the tip to law enforcement. Upon receiving the tip, Investigator Mark Dishaw ("Investigator Dishaw"), a Deputy Sheriff with the Douglas County Sheriff's Office, subpoenaed Cox Communications ("Cox"), the service provider associated with the IP address, to obtain the relevant subscriber information (Filing No. 19, Ex. 2). Cox responded that the IP address belonged to Gregory and provided Gregory's address. Based on the information from Cox and the tip, Investigator Dishaw applied for a search warrant of Gregory's residence, which was issued. Law enforcement conducted the search and found the child pornography files.

Gregory moved to suppress the evidence derived from the search arguing his rights under the Fourth and Fourteenth Amendments to the United States Constitution were violated when law enforcement obtained his subscriber information and NCMEC reviewed the tip both without warrants.[3] After holding an evidentiary hearing, the magistrate judge concluded the search was proper and recommended this Court deny Gregory's motion. In light of Gregory's timely objection to the recommendation, this Court has conducted a thorough de novo review of his motion to suppress, the parties' briefs, the findings and recommendation, and the underlying evidence in this case. *See* 28 U.S.C. § 636(b)(1).

---

[2]A hash value is a "digital finger print," which can be compared against suspect files to rapidly identify known child pornography images.

[3]Gregory also asserts that his rights under Article 1, section 7 of the Nebraska Constitution were violated. Because the Nebraska Constitution mirrors the federal Fourth Amendment, *see State v. Smith*, 782 N.W.2d 918, 922 (Neb. 2010), the Court considers Gregory's federal and state constitution claims together.

## II. DISCUSSION

Gregory argues his rights under the Fourth and Fourteenth Amendments to the United States Constitution were violated. Gregory asserts two primary claims: (1) the search of his residence was unlawful under *Carpenter v. United States*, 585 U.S. \_\_\_, 138 S. Ct. 2206 (2018), because law enforcement obtained his subscriber information, including his address, by subpoenaing Cox rather than by obtaining a warrant, and (2) NCMEC conducted an unlawful search when it opened Gregory's file contained in the tip. Neither argument is tenable.

The Fourth Amendment prohibits unreasonable searches and seizures by the government. U.S. Const. amend. IV. "The touchstone of Fourth Amendment analysis is whether a person has a constitutionally protected reasonable expectation of privacy." *California v. Ciraolo,* 476 U.S. 207, 211 (1986). Gregory bears the burden of showing his expectation is reasonable. *United States v. Stults*, 575 F.3d 834, 842 (8th Cir. 2009).

A person does not have a "legitimate expectation of privacy in the information he voluntarily turns over to third parties." *Smith v. Maryland*, 442 U.S. 735, 743-44 (1979). "As a result, the Government is typically free to obtain such information from the [third party] without triggering Fourth Amendment protections." *Carpenter*, 585 U.S. \_\_\_, 138 S. Ct. at 2216. Consistent with this third-party doctrine, the Eighth Circuit has held the Fourth Amendment does not prohibit the government from acquiring subscriber information, such as names and IP addresses, from third-party service providers. *United States v. Wheelock*, 772 F.3d 825, 828-29 (8th Cir. 2014); *accord United States v. Perrine*, 518 F.3d 1196, 1204-05 (10th Cir. 2008) ("Every federal court to address this issue has held that subscriber information provided to an internet provider is not protected by the Fourth Amendment's privacy expectation.").

Gregory nonetheless alleges his Fourth Amendment rights were violated when Investigator Dishaw acquired his subscriber information from Cox. In short, Gregory

asserts the Supreme Court's recent decision in *Carpenter* precludes the application of the third-party doctrine to IP address records. Not so.

In *Carpenter*, the Supreme Court considered the government's acquisition of cell-site location information ("CSLI") records which document a cell-phone's location whenever it makes or receives a call. 585 U.S. \_\_\_, 138 S. Ct. at 2214. Opining cell phones "are almost . . . 'feature[s] of human anatomy,'" *id.* at \_\_\_, 138 S. Ct. at 2218 (quoting *Riley v. California*, 573 U.S. \_\_\_, 134 S. Ct. 2473, 2484 (2014)), the Supreme Court determined CSLI records allow comparable surveillance to that of "attaching[ing] . . . ankle monitor[s]" to cell-phone users. *Id.*, 585 U.S. \_\_\_, 138 S. Ct. at 2218. Due to the "detailed, encyclopedic, and effortlessly compiled" nature of CSLI records' documentation of individuals' movements, the Court declined to extend the third-party doctrine to the collection of CSLI. *Id.* at \_\_\_, 138 S. Ct. at 2220.

In *Carpenter*, the Supreme Court expressly stated its narrow holding did not reach "other business records that might incidentally reveal location information." *Id.* at \_\_\_, 138 S. Ct. at 2220. This Court is not persuaded that *Carpenter* controls this case or allows this Court to ignore binding Eighth Circuit precedent. The subscriber information Cox provided included only Gregory's name and address, not the "whole of his physical movements" like what concerned the Supreme Court in *Carpenter*. *Id.* at \_\_\_, 138 S. Ct. at 2219. Accordingly, the Court declines Gregory's invitation to extend *Carpenter* to subscriber information which only "incidentally reveal[ed] [Gregory's] location information"—a leap the Supreme Court itself was not prepared to make. *Id.* at \_\_\_, 138 S. Ct. at 2220. The Court instead agrees with the magistrate judge that Gregory had no legitimate expectation of privacy in his subscriber information under the third-party doctrine.

Next, Gregory contends NCMEC is a government entity which was required to obtain a warrant to review the information in the tip. The Court disagrees and finds the private-search doctrine is dispositive here.

Fourth Amendment protections do not apply "to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (quoting *Walter v. United States*, 477 U.S. 649, 662 (1980) (Blackmun, J., dissenting)). "Once frustration of the original expectation of privacy occurs, the Fourth Amendment does not prohibit governmental use of the now-nonprivate information." *Id.* at 117. When the government re-examines the information, however, its intrusion must go "no further than the private search." *United States v. Starr*, 533 F.3d 985, 995 (8th Cir. 2008).

Here, the Court need not determine whether NCMEC acted as a government entity because Google, a private actor,[4] made the initial intrusion pursuant to Google's Terms of Service agreed policies. When Gregory uploaded the suspect file, Google inspected it through its hash filtration system and manual human review, frustrating whatever expectation of privacy Gregory might have had.[5] Gregory does not allege that NCMEC or Investigator Dishaw reviewed any files not included in the tip or otherwise exceeded the scope of Google's search. As such, the Court agrees with the magistrate judge that the evidence was not obtained in violation of the Fourth Amendment.[6] *See United States v.*

---

[4]As aptly noted by the magistrate judge, Gregory does not assert Google is a government actor, and the Eighth Circuit has held internet service providers are not government agents. *See United States v. Stevenson*, 727 F.3d 826, 831 (8th Cir. 2013) (concluding America Online, an internet service provider, was not acting as a government agent when ferreting out child pornography).

[5]The Court assumes without deciding Gregory had a protectable privacy interest, which is questionable given Google's Terms of Service advising content may be reviewed. *See Reddick*, 900 F.3d at 638 n.1.

[6]The Court affirms the remainder of the magistrate judge's analysis on the sufficiency of the search warrant affidavit and the good-faith exception to the exclusionary rule if probable cause was lacking.

*Reddick*, 900 F.3d 636, 638-39 (5th Cir. 2018) (reaching the same conclusion where NCMEC received a tip from an internet service provider); *but see United States v. Ackerman*, 831 F.3d 1292, 1306-07 (10th Cir. 2016) (Gorsuch, J.) (concluding a search was improper where the government exceeded the scope of the internet service provider's private search by opening files not included in the tip).

## III. CONCLUSION

No Fourth Amendment violation occurred in this case. Gregory had no reasonable expectation of privacy in the subscriber information pursuant to third-party doctrine. Under the private-search doctrine, the government did not exceed the scope of Google's search. Accordingly,

IT IS ORDERED:
1. Defendant Philip J. Gregory's objections (Filing No. 31) are overruled.
2. The magistrate judge's Findings and Recommendation (Filing No. 30) is accepted.
3. Gregory's Motion to Suppress (Filing No. 17) is denied.

Dated this 7th day of December 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge