IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR139 |
| v. | |
| PHILIP J. GREGORY, | ORDER |
| Defendant. | |

This matter is before the Court on defendant Philip J. Gregory's ("Gregory") Emergency Motion to Modify Sentence Pursuant to Title 18 U.S.C. § 3582(c)(1)(A) (Filing No. 66). That statute authorizes Gregory to move the Court to "reduce [his] term of imprisonment" for "extraordinary and compelling reasons" thirty days after asking the warden of the facility where he is incarcerated to file such a motion on his behalf. *See also United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020). Gregory states he met that statutory requirement by making such a request, but the warden denied it on October 16, 2020.

Upon initial review of Gregory's motion and supporting materials, the Court finds he has potentially raised a colorable claim for a sentence reduction under § 3582(c)(1)(A)(i). The Court further finds that appointing counsel to represent Gregory will help the Court evaluate his request for relief. Accordingly,

IT IS ORDERED:
1. The Federal Public Defender for the District of Nebraska is appointed to represent Gregory for the limited purpose of determining whether there are extraordinary and compelling reasons to reduce his term of imprisonment.
2. In the event the Federal Public Defender should decline this appointment because of a conflict of interest or on the basis of the Amended Criminal Justice Act Plan, the Federal Public Defender shall provide the Court with a draft appointment order (CJA Form 20) bearing the name and other

       identifying information of the CJA Panel attorney identified in accordance with the Amended Criminal Justice Act Plan for this district.

3. If, upon review, appointed counsel concludes the motion is frivolous, they may move to withdraw as counsel.

4. The U.S. Probation and Pretrial Services Office is directed to investigate Gregory's request for sentencing relief and promptly file under seal a report summarizing the results of that investigation.

5. If necessary, the probation office is authorized to disclose Presentence Investigation Reports to Gregory's counsel and the United States Attorney for the purpose of evaluating the motion. Gregory's counsel shall provide the Presentence Investigation Report to any subsequently appointed or retained counsel. In accordance with the policy of the Federal Bureau of Prisons, no Presentence Investigation Report shall be provided to inmates.

6. The government and Gregory's counsel shall each file within ten days of the probation office filing its investigation report a brief addressing Gregory's request for sentencing relief and provide any evidence necessary to the Court's disposition of his motion. In particular, the parties should address whether § 3582(c)(1)(A)(i) authorizes the Court to reduce a sentence below a statutory mandatory-minimum sentence. *See, e.g., United States v. Peebles*, No. 8:18CR336, 2020 WL 7495291, at *1 (D. Neb. Dec. 21, 2020) (citing *United States v. Watts*, 553 F.3d 603, 604 (8th Cir. 2009) (per curiam) (noting that district courts usually "lack the authority to reduce sentences below congressionally-mandated statutory minimums.")). Absent an extension or other request from the parties, the motion shall be deemed fully briefed and submitted as of that date.

Dated this 29th day of December 2020.

                    BY THE COURT:

                    Robert F. Rossiter, Jr.
                    United States District Judge